# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

MARQUE RAYMONT EVANISH,

    Plaintiff,

v.                                                                                Case No. 20-13098

ROBERT FROST and
KAREN HANSON,

    Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THIS CASE AND DENYING LEAVE TO APPEAL THIS DECISION *IN FORMA PAUPERIS*

Plaintiff Marque Raymont Evanish, a pretrial detainee incarcerated at the Genesee County Jail, has filed a *pro se* complaint pursuant to 28 U.S.C. § 1983. The court granted Plaintiff's application to proceed *in forma pauperis*, (ECF No. 4), and he is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the court will summarily dismiss this case.

### I. BACKGROUND

Plaintiff is facing charges of first-degree criminal sexual conduct, kidnapping, torture, unlawful imprisonment, and manufacture of methamphetamine in the Genesee Circuit Court. According to the state court website, Plaintiff was bound over for trial on October 26, 2020, Plaintiff requested a jury trial, and the next pretrial hearing is scheduled for January 7, 2021. *Case Register of Actions*, 7th Judicial Circuit Court, http://www.co.genesee.mi.us/roaccsinq/Default.aspx (last visited Jan. 4, 2021). Without any factual elaboration, Plaintiff asserts that Defendants Detective Robert Frost and Assistant Prosecuting Attorney Karen R. Hanson are maliciously prosecuting him based

on false factual allegations. (ECF No. 1, PageID.5, 7.) The complaint seeks damages for mental distress, financial loss, and physical endangerment. (*Id.*, PageID.8.)

## II. STANDARD

Civil complaints filed by a *pro se* prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## III. DISCUSSION

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "held that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989). "*Younger* abstention requires the federal court to defer to the state proceeding." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). The Sixth Circuit has

held that exercise of *Younger* abstention is appropriate "when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Id.* at 865. If the three *Younger* criteria are satisfied, the court should abstain from interfering "unless there is a showing of bad faith, harassment, or another extraordinary circumstance that makes abstention inappropriate." *Graves v. Mahoning Cty.*, 534 F. App'x 399, 406 (6th Cir. 2013).

All three *Younger* factors require abstention in this case. Plaintiff's state court criminal case is pending, satisfying the first factor of the abstention doctrine. *See Coles*, 448 F.3d at 865. To determine the substantiality of the government interest in the pending proceeding, "[courts] do not look narrowly to its interest in the outcome of the particular case . . . [r]ather, [courts look to] the importance of the generic proceedings to the State." *New Orleans Pub. Serv., Inc.*, 491 U.S. at 365. It is well-established that Michigan has an interest in enforcing its criminal laws. *Aaron v. O'Connor*, 914 F.3d 1010, 1016 (6th Cir. 2019) (quoting *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017)) (*Younger* abstention is appropriate "when there is an ongoing state criminal prosecution."). The second factor is satisfied. *See Coles*, 448 F.3d at 865. Finally, the third factor is met because Plaintiff will have an adequate opportunity in state court to raise any claims challenging Defendants' allegedly false accusations. *See Coles*, 448 F.3d at 865.

No exception to the *Younger* doctrine applies. *See Graves*, 534 F. App'x at 406. Plaintiff does not allege unusual or extraordinary circumstances sufficient to warrant federal intervention.

3

## IV. CONCLUSION

The court will abstain under the *Younger* doctrine from adjudicating this dispute. The complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). Plaintiff is denied leave to appeal this decision *in forma pauperis* because the court discerns no good-faith basis for such an appeal. 28 U.S.C. § 1915(a)(3); *McGore*, 114 F.3d at 611. Accordingly,

IT IS ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that leave to appeal this decision *in forma pauperis* is DENIED.

                                        s/Robert H. Cleland        /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: January 5, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 5, 2021, by electronic and/or ordinary mail.

                                        s/Lisa Wagner            /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-13098.EVANISH.SummaryDismissal.BB.RMK.docx